UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| DISTRICT LODGE 26 of the | : | CIVIL ACTION NO. |
| INTERNATIONAL ASSOCIATION OF | : | 3:09-cv-1494 (JCH) |
| MACHINISTS AND AEROSPACE | : | |
| WORKERS, AFL-CIO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | OCTOBER 23, 2009 |
| | : | |
| UNITED TECHNOLOGIES | : | |
| CORPORATION, PRATT & WHITNEY, | : | |
|     Defendants. | : | |

**RULING RE: MOTION BY STATE OF CONNECTICUT FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF [Doc. No. 18]**

Plaintiff District Lodge 26 of the International Association of Machinists and Aerospace Workers, AFL-CIO ("District Lodge 26") brings this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking injunctive relief and declaratory judgment. The dispute concerns the terms of a collective bargaining agreement between District Lodge 26 and the defendant, United Technologies Corporation, Pratt & Whitney ("UTC"). On October 8, 2009 the State of Connecticut filed a Motion for Leave to Participate as Amicus Curiae in Support of Plaintiff [Doc. No. 18]. UTC filed a Response to the State's Motion on October 13, 2009 [Doc. No. 22]. For the reasons that follow, the State of Connecticut's Motion is granted.

While Rule 29 of the Federal Rules of Appellate Procedure provides the governing procedures for obtaining leave to participate as amicus curiae in the United States Court of Appeals, there is no such rule or statute that governs these procedures

in United States District Court. District courts have broad discretion to grant or deny permission to participate as amicus curiae. United States v. Ahmed, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). In exercising this discretion, courts have considered a variety of factors, including the interest of the movant, the opposition of the parties, the adequacy of representation, and timeliness. See Fluor Corp. v. United States, 35 Fed. Cl. 284, 285 (Fed. Cl. 1996).

In this case, the State of Connecticut has demonstrated a sufficient interest in the litigation such that participation as amicus curiae is appropriate. The State of Connecticut may therefore participate as amicus curiae for the purpose of filing with the court a memorandum, addressing legal issues, no later than December 7, 2009. Although the State of Connecticut may participate, this ruling only grants permission to file a memorandum. The State of Connecticut will have no role at evidentiary hearings.

The State of Connecticut's Motion for Leave to Participate as Amicus Curiae is **GRANTED.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of October, 2009.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge